### H. H. SPARLIN *v.* J. N. GOTCHER ET AL.
[S. C. 31 Pac. Rep. 399.]

Josephine County: LIONEL R. WEBSTER, Judge.

Defendants appeal.    Reversed.

*Jas. R. Neil*, for Appellants.

*Paine P. Prim*, for Respondent.

PER CURIAM.—This is a suit in equity to enjoin the defendants from damming up and obstructing the flow in a certain stream, flowing from the defendants' lands to those of plaintiff.

The evidence shows that the stream is formed by a spring on the land of defendant Gotcher, across the outlet of which has been from time immemorial a natural dam or obstruction about two feet high, formed by what

the witnesses call a "beaver dam," which caused the water to form in a pool on the land of defendant, and thereby sub-irrigated it, the surplus water flowing over the dam and down to plaintiff's land.   In 1889, defendant Bristow, who was the lessee of Gotcher, being unacquainted with the benefits derived from the sub-irrigation by means of the pool of water, and thinking it advisable to drain the land, cut an opening in the natural dam without the knowledge or consent of Gotcher, and allowed the accumulated water to escape.   Two or three days afterwards, when Gotcher discovered what Bristow had done, and desiring to retain the water for irrigation, he directed the opening in the dam to be repaired, which was done, without, however, any intention of interfering with or diminishing the quantity of water theretofore accustomed to flow over the dam and down to plaintiff's land, although it seems to have had that effect.

As soon as Bristow's attention was called to the fact by Sparlin, that the dam as repaired interfered with the flow of water to which he was entitled, he disclaimed any intention or desire to do so, and immediately made an opening in the dam at a point selected by Sparlin as the height of the original dam, and allowed the overplus of water to escape.   The bottom of this opening does not appear to have been made above the top of the natural or beaver dam, and therefore it manifestly appears that defendants have not in any way interfered with or obstructed the flow of water to which plaintiff is entitled, and his complaint must be dismissed, leaving to the defendants the right to maintain a dam to the height of the original dam, and the plaintiff a right to the surplus water flowing over such dam.

Decree reversed.